## BROWN & BRO. v. YOUNG.

1. APPEAL—MAGISTRATE—CIRCUIT JUDGE.—Upon appeal from magis-
trate, Circuit Judge may disregard exceptions based on technical
errors and defects, and such acts are not reviewable here.
2. IBID.—SUPREME COURT—MAGISTRATE.—This Court cannot review a
finding of fact by a Circuit Judge upon appeal from magistrate.
3. AGRICULTURAL LIEN.—A SEAL is not necessary to the validity of an
agricultural lien.
4. IBID.—A WITNESS is not necessary to the validity of an agricultural
lien.
5. IBID.—APPEAL—SUPREME COURT.—Appellant was permitted to in-
troduce testimony as to validity of lien, and such testimony was con-
sidered by the Circuit Judge, but his decision thereon cannot be re-
viewed by this Court.

Before TOWNSEND, J., Anderson, March, 1899. Af-
firmed.

Proceeding under agricultural lien by D. C. Brown & Bro.

against James A. Young. From Circuit decree affirming judgment of magistrate, defendant appeals.

*Mr. E. M. Rucker, Jr.,* for appellant, cites: *By denial of amount claimed to be due, defendant raises validity of lien:* 33 S. C., 234; 14 S. C., 476. *Not necessary to frame issue:* 13 S. C., 403. *If signature obtained by misrepresentation, defendant not bound:* 2 Mill., 371; 3 Brev., 334; 1 N. & McC., 142, 78; 2 Bail., 224. *Mind must accompany act to make signature binding:* L. R., 4 C. P., 704; 3 Q. B. Div., 525; 51 Mo., 249; 42 Ind., 227; 29 Ia., 495; 5 Ala., 370. *Fraud is question of law and fact:* Riley, 270; 10 Rich., 72; 4 S. C., 249. *Affidavit should have been filed with clerk of Court:* 32 S. C., 155; 42 S. C., 380; Rule 69 Circuit Court. *If seal affixed to one signature, it must be to the other:* 2 Bay, 101.

*Messrs. Tribble & Prince,* contra. *Mr. J. L. Tribble* cites: *Finding of fact by C. J. on appeal from magistrate is not reviewable here:* 51 S. C., 110. *Act does not require agricultural lien to be witnessed or sealed:* 42 S. C., 69; Rev. Stat., 2514. *Equity would not relieve Young from contract:* 21 S. C., 235. *Warrant will not be vacated for failure of clerk to mark affidavit filed:* 42 S. C., 348; Bail. L., 454. *Not necessary to serve copies of papers on Young:* 31 S. C., 444.

June 3, 1899. The opinion of the Court was delivered by

MR. JUSTICE GARY. This case was commenced before a magistrate on the following affidavit: "Personally comes D. C. Brown, one of said firm of D. C. Brown & Bro., and makes oath: I. That they made advances for agricultural purposes to and took a lien to secure the same on the crop of James A. Young for the year 1898. II. That the said lienor is about to sell or dispose of his crop to defeat said lien, and that he has already sold to Morgan & Hall some of the said lien property over which we hold a lien. III. That there is now due and unpaid on said lien the sum of $50.75."

The defendant joined issued by filing the following affidavit: "Personally appears before me, J. J. Gilmer, magistrate, James A. Young, who, being duly sworn, deposes that he is the defendant in the above entitled action, in which the firm of D. C. Brown & Bro. is plaintiff; and further deposes that the amount claimed by the plaintiff is not justly due it, in accordance with the latter part of section 2518 of the Revised Statutes."

The facts of the case are thus stated in the judgment of the magistrate: "This action was transferred to this court from Magistrate J. J. Gilmer, upon a change of venue, and came on to be tried on January 13, 1899, upon an issue which has been made up by the said magistrate in accordance with section 2518, Rev. Stat., and which is as follows: 'Is the amount claimed by plaintiff justly due under said lien?' A warrant had been issued under this lien held by the plaintiff, and the crop had been seized by the sheriff of Anderson County and held by him. The lien was proved by the actors, and was entered into between the parties on the 2d of March, 1898, and duly indexed in the office of the clerk of court, and seems to be in full compliance with sec. 2514, Rev. Stat., and is in the judgment of this court a valid lien. The testimony shows that the plaintiff made the advances therein contracted for some time between the 17th and 20th of March, 1898, a period subsequent to the entering into the contract. The defendant admits the signing of the contract. He admits obtaining the advances to the amount of $50.75. The lien is a matter of record. The plaintiffs performed their part of the contract, and the defendant received the benefits of it, whatever it may be, and he cannot be allowed to escape the consequences of his own act. Holding that the lien was a good and valid lien, this court, in the absence of any testimony to rebut or offset the claim, is bound to give judgment for the full amount claimed, with the costs of these proceedings, and it is so ordered and adjudged. During the progress of this case, defendant's attorney moved to dismiss the case on the ground as stated, that the affidavit

was not filed within ten days after the issuing of the warrant by the magistrate.     Objection was made to the motion, that no notice had been given of the intention to make this motion, and the case was being heard on its merits, to wit: on the issue made up by the magistrate.     The court overruled the motion, as that was not the question before it, and it is doubtful now that defendant can be heard on that question; and it might be urged that he waived the right to dismiss the warrant on that question by filing his affidavit within the ten days prescribed by law, and making up an issue to be tried by the court on its merits and having that issue transferred for trial to another magistrate.     D. H. Russell, Magistrate. [L. s.]"     These facts are substantially set forth in his report of the case, to which the following appears as an addendum: "It is but proper to add that the court did not consider that under the issues made up by Magistrate Gilmer, that it was competent for the defendant to attack the validity of the lien, and it appeared to the court that the question before it under that issue was how much, if any, was justly due under the lien?     The point was also raised by the defendant's counsel that the affidavit had not been filed with the magistrate within ten days, but was in the hands of the sheriff, which was overruled on the ground that the warrant and affidavit are properly in the custody of the sheriff and a part of the records of his office.     D. H. Russell."

Upon hearing the appeal from said judgment, the presiding Judge filed the following order: "On hearing the appeal herein, after hearing the testimony reported by the magistrate, and it appearing that the plaintiffs made the advances to the appellant, James A. Young, under the agreement signed by said D. C. Brown & Bro. and James A. Young, appellant, and that the amount claimed is justly due; after argument of counsel, on motion of Tribble & Prince, plaintiff's attorneys, it is *ordered and adjudged,* That the appeal herein be dismissed with costs.     *It is further ordered,* That

the judgment of the magistrate be, and the same is hereby, affirmed."

The defendant appealed upon the following exceptions: "1st. Because the magistrate erred in admitting the alleged lien in evidence and holding it to be valid, it appearing that one of the parties to this action, D. C. Brown & Bro., signed without a seal, and the other party, James A. Young, signing under seal, which prevented that mutuality required by law to contracts and agreements.    2d. Because the magistrate erred in overruling the objection of the defendant to the introduction of the alleged lien on the ground that the witness who signed as a witness was in fact not present when the alleged lien was signed, a fact not denied by the plaintiffs, and was, therefore, not a proper witness to prove the paper.    3d. Because the magistrate erred in holding, in effect, that a witness was not necessary to the validity of an agricultural lien in this State, in that he holds this alleged lien to be a valid lien, though the plaintiff admitted on the stand that he would not testify that the lien had been acknowledged in the presence of F. M. Cox, the subscribing witness, prior to the delivery of the goods to the defendant, when the statute law requires that the lien shall be in existence prior to the delivery of the goods.    4th. Because the magistrate erred in holding, in effect, that, under the affidavit filed by the defendant, he was restrained from attacking the validity of the lien, and was confined to attacking the amount due, when, in fact and in law, this defendant had the right to show that the said alleged lien was, in fact, no lien. 5th. Because the magistrate erred in overruling the motion of the defendant to dismiss the proceedings, because the affidavit upon which the warrant of seizure was issued was not filed in the office of the clerk of court of common pleas or in the magistrate's office within ten days, as required by law. 6th. Because the magistrate erred in overruling the motion of the defendant to dismiss the proceedings because the copy of such affidavits was not served upon this defendant, as required by law.    7th. Because the magistrate erred in hold-

ing that this defendant was estopped from raising any objection to these proceedings by reason of the affidavit filed by him in this case; whereas, as a matter of law, he had the right not only to attack the validity of said alleged lien, but also all proceedings thereunder.    8th. Because the magistrate erred in holding, in effect, that such questions were not jurisdictional ones, that could be raised at any time, and that the right to raise them was in no wise waived by filing the affidavit of intervention required by the statute.    9th. Because the magistrate erred in holding said alleged lien a valid lien, when the preponderance of the testimony clearly showed that the contract was simply a note.    10th. Because the magistrate erred in not holding said alleged lien to be a note.    11th. Because the magistrate erred in allowing the plaintiff to introduce testimony to contradict the defendant, when in fact no ground for contradiction existed.    12th. Because the magistrate erred in allowing evidence to be introduced by the plaintiff tending to show that the plaintiff had complied with the terms of the alleged lien."

Some of these exceptions seem to have been taken under a misapprehension, as there are no facts in the record to which they can properly be referred as giving rise to the questions presented by them; others complain of error on the part of the Circuit Judge in overruling exceptions to the magistrate's judgment based upon technical errors and defects which do not affect the merits; while others, still, only involve questions of fact.    Section 368 of the Code provides that "upon hearing appeal, the appellate Court shall give judgment according to the justice of the case without regard to technical errors and defects, which do not affect the merits.    In giving judgment, the Court may affirm or reverse the judgment of the Court below, in whole or in part, and as to any or all the parties, and for errors of law or fact."    Under this section, the Circuit Judge had the right to disregard those exceptions that were based upon technical errors and defects, and his action is not the subject of review by this Court.

The exceptions that involve questions of fact can not be considered by this Court. *Thackston* v. *Kennemore,* 50 S. C., 110.

We will proceed to consider the questions that are properly before this Court on appeal, the first of which is presented by the first exception. The only requisites as to the form of a lien for agricultural advances are contained in sec. 2514 of the Rev. Stat., as follows: "* * * Provided, an agreement in writing shall be entered into before such advances are made, to this effect; in which shall be specified the amount to be advanced, or in which a limit shall be fixed, beyond which the advances, if made from time to time during the year, shall not go." A seal is not necessary to the validity of an agricultural lien, nor does it impart any efficacy whatever to the instrument. It was, therefore, mere surplusage, and was properly disregarded.

The next question that will be considered is whether the Circuit Judge erred in holding that a witness was not necessary to the validity of an agricultural lien. The statute does not require a witness to an agricultural lien, and in the absence of such requirement, the lien is valid without attestation.

We will next consider the question raised by the fourth exception. The appellant was allowed to introduce the testimony offered by him, for the purpose of attacking the validity of the lien on the ground that, as a matter of fact, it was null and void. Even if the magistrate failed to consider this testimony, the Circuit Judge had the right to do so. The order of the Circuit Judge shows this fact was necessarily determined by him, and, as hereinbefore stated, the correctness of his decision upon the question can not be reviewed by this Court, as it only involves a question of fact.

It is the judgment of this Court, that the order of the Circuit Court be affirmed.